Arthur F. Gange Chief Clerk, District Court of Nassau County
This is in response to your request for an opinion as to whether CPLR 308 (5) requiring that additional notice be given certain defendants in connection with default judgments requires that the notice be mailed by the plaintiff's attorney personally.
CPLR 308 (5) provides in part that:
 "* * * additional notice must be given by the plaintiff or the attorney for the plaintiff * * * by mailing a copy of the summons by first class mail to the defendant * * *"
It further provides that:
 "An affidavit of any mailing pursuant to this paragraph shall be executed by the person mailing the summons and filed with the judgment."
McKinney's Statutes, §§ 128 (6) and 143, provide that statutes are to be given "reasonable" and "practical" construction by the courts. In addition, section 127 provides that recognized business customs are admissible when determining whether a statute applies to a particular situation. As a practical matter, the paperwork in most law offices, including mailing, is done by secretaries or clerks. It is thus reasonable to believe that the term "attorney for the plaintiff" was used with the assumption that usual business practices would obtain, meaning that a clerk or secretary in the law office would do the paperwork and mailing under the supervision of an attorney.
According to the Sponsor's Memorandum, this measure was introduced in the legislature in recognition of the growing prevalence of the practice of "sewer service." By providing for an additional notice to be sent by the plaintiff or his attorney, rather than by a process server, the intention of this section was to increase the chances that the defendant would receive official notice of the action against him. Allowing office employees under the supervision of the plaintiff's attorney to do the paperwork required for such notice would not be contrary to the intention of this statute. On the contrary, allowing a private contractor, such as a process server, who would not be under the attorney's supervision, to mail the notice would be contrary to the intention of the statute.
Therefore, it is our opinion that CPLR 308 (5), would permit members of an attorney's office staff under his supervision to mail the required notice.